## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IVETTE FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-10-760-M |
| | ) | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION ON
### MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT
### OF DEFENDANTS ONAJOBI, FORT, MURRY, FRANKLIN,
### SHOPEYIN, JONES, HENDRICKSON, NEWTON-EMBRY AND DUNCAN

Plaintiff Ivette Figueroa, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her federal constitutional rights.  Plaintiff also purports to bring various supplemental state law claims. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is the Motion to Dismiss/ Motion for Summary Judgment [Doc. #86] of Defendants Onajobi, Fort, Murry, Franklin, Shopeyin, Jones, Hendrickson, Newton-Embry and Duncan (Defendants).[1]  Plaintiff has responded to Defendants' Motion, *see* Doc. #98, and Defendants have filed a reply, *see* Doc. #99. The Court has also received the Court-ordered Special Report [Doc. #88].[2] Also pending before

---

[1]Defendants Fort and Duncan are identified in the Amended Complaint as "Doe" defendants.

[2]The Court has granted permission for certain evidence submitted as part of the Special Report to be filed under seal. *See* Order [Doc. #84].

the Court is Plaintiff's Motion for Summary Judgment, *see* Doc. #118, to which Defendants have filed a response, *see* Doc. #119.

For the reasons set forth below, it is recommended that Defendants' Motion, construed as a motion for summary judgment, be granted on grounds that Plaintiff's claims are not properly exhausted as required by 42 U.S.C. § 1997e(a). It is further recommended that Plaintiff's Motion for Summary Judgment be denied.

## I.    Background Facts/Plaintiff's Claims

Plaintiff is currently in the custody of the Arkansas Department of Corrections and confined at the Wrightsville Women's Facility in Wrightsville, Arkansas. Plaintiff's claims, however, arise out of her custody by the Oklahoma Department of Corrections (ODOC) during her incarceration at the Mabel-Bassett Correctional Center (Mabel Bassett). Plaintiff's Complaint alleges violations of her rights during the time period 2006 through 2010.

Plaintiff filed her original complaint on July 16, 2010, while still incarcerated at Mabel Bassett. *See* Complaint [Doc. #1]. Plaintiff discharged her Oklahoma sentence and was released from the custody of the ODOC on August 4, 2010. *See* Plaintiff's Response, Attachment 2 at electronic page 39 (ODOC Certificate of Release dated August 4, 2010).

Plaintiff filed an Amended Complaint [Doc. #33] on March 30, 2011, after her transfer to the custody of the Arkansas Department of Corrections. Plaintiff named additional defendants and alleged more expansive though imprecise claims for relief pursuant

2

to 42 U.S.C. § 1983.[3]   Plaintiff claims that while in the custody of the ODOC and incarcerated at Mabel Bassett she was subjected to sexual assault, discrimination, delay and denial of medical care, violation of her religious rights, opening of her mail, retaliatory conduct, wrongful taking of funds from her prison trust account and other unconstitutional conditions of her confinement.  As relief, Plaintiff seeks compensatory and punitive damages.

## II.   Analysis

Defendants raise the affirmative defense that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA).  The exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court."  *Id*. at 211.

Defendants have relied upon materials outside the pleadings in support of their Motion. The Court has considered these materials to determine whether Plaintiff exhausted her administrative remedies before filing this action.  Therefore, Defendants' Motion is

---

[3]In the Amended Complaint, Plaintiff identifies other federal laws as bases for relief including the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Americans with Disabilities Act (ADA).  *See* Amended Complaint at 3, ¶ 6.

treated as a motion for summary judgment on the issue of exhaustion.  *See* Fed. R. Civ. P. 12(d); 56.

### A.    <u>Standard of Review – Summary Judgment</u>

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. and Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted).  Although Defendants, as the moving parties, bear the initial burden of production, once they meet this burden, Plaintiff "may not rest on [her] pleadings, but must bring forward specific facts showing a genuine issue for trial."  *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

### B.    <u>Failure to Exhaust Administrative Remedies</u>

#### 1.    <u>The ODOC Offender Grievance Process</u>

The ODOC Offender Grievance Process, OP-090124, governs Plaintiff's exhaustion of administrative remedies.[4]   The Grievance Process has three primary phases: (1) an informal phase which requires an inmate to speak to a staff member and, if necessary, submit

---

[4]The ODOC's Grievance Process is submitted with the Defendants' Motion.  *See* Defendants' Motion, Exhibit 3, Inmate Offender Grievance Process effective May 3, 2007; Exhibit 4, *id.*, effective August 8, 2009; and Exhibit 5, *id.*, Addendum effective July 27, 2010.  The provisions of the Grievance Process applicable to the issues raised here have remained unchanged throughout the revisions and updates.

a written Request to Staff; (2) a formal stage which requires the inmate to submit a written grievance; and (3) an appeal stage which requires the inmate to appeal a grievance denial to the Administrative Review Authority or Chief Medical Officer.  The appeal stage is the final stage and, once completed, constitutes satisfaction of the Grievance Process.  *See* Grievance Process, ¶¶ IV, V and VII.

Each phase of the Grievance Process contains certain time limitations.  A Request to Staff must be submitted within 7 calendar days of the incident.  The written grievance must be submitted within 15 calendar days of the incident or the date of the response to the Request to Staff, whichever is later.  Finally, the appeal must be submitted within 15 calendar days of receipt of the reviewing authority's response to the grievance.  *See* Grievance Process, ¶¶ IV(B)(2), V(A)(1) and VII(B).

### 2.     Plaintiff's Efforts to Exhaust Administrative Remedies

In Plaintiff's original complaint filed on July 16, 2010, she made the following vague and conclusory allegations as to exhaustion of administrative remedies regarding the acts complained of:

> In 2008 while I was in isolation I wrote to all the persons involved in the facility chain of command.
> In 2010 I did the same process related to Mr. Shoepeying, and all the medical issues.
> No reply was given because it can be use [sic] in court, against staff of Dept. of Corrections.

*See* Complaint at 6.

In the Amended Complaint filed on March 30, 2011, Plaintiff did not include allegations addressing her efforts to exhaust administrative remedies. She did, however, attach materials related to exhaustion of administrative remedies to the Amended Complaint.

Plaintiff attached three requests to staff on the following issues:

- request for placement on "bottom run" (dated May 4, 2010)

- request for a change in prescription medication for mental health treatment (dated June 18, 2010); and

- request for a "mechanically soft diet" pursuant to medical needs (dated June 28, 2010).

*See* Amended Complaint, Exhibits G, I and J. A prison official denied Plaintiff's request for placement on a bottom run and her request regarding dietary needs. Regarding the request for a change in medication, a prison official advised Plaintiff she could discontinue the medication until her next appointment in two weeks. *See id.* The record is void of evidence that Plaintiff took any further steps to pursue administrative exhaustion of the issues raised in these requests to staff.

Plaintiff also attached to the amended complaint the following formal grievances:

- grievance complaining of offensive behavior since 2008 by Defendant Shopeyin (dated July 27, 2010);

- grievance complaining of chest pains since September 2006 and requesting to be seen by a specialist or receive a proper diagnosis (dated July 27, 2010);

- grievance based on a knee surgery in 2008 and requesting additional medical care (dated July 27, 2010);

- grievance requesting medical care for an umbilical hernia first diagnosed in December 2009 (dated July 29, 2010); and

- grievance complaining of a rash since January 2010 (dated July 30, 2010).

*See* Amended Complaint Exhibits M, O, P, Q and R.  Each of these grievances post-date Plaintiff's filing of the original complaint in this action.[5]  As to all but one of these grievances, the record is void of evidence demonstrating Plaintiff actually submitted the grievances to the proper prison officials.[6]

Defendants, in moving for summary judgment, acknowledge that Plaintiff submitted "numerous Requests for Medical Services from 2008 through her discharge in 2010."  *See* Defendants' Motion at 19 *citing* Special Report, Attachments 3 and 7.  But Defendants further submit evidence demonstrating that "Plaintiff did not submit any grievances or appeals regarding her medical treatment."  *Id. citing* Special Report, Attachment 18, Affidavit of Mike Murray.  Defendants further acknowledge the receipt of Plaintiff's grievance dated July 27, 2010, complaining of offensive conduct by Defendant Shopeyin. *See id.*, *citing* Special Report, Attachment 41.  The grievance was returned unanswered for multiple reasons including its untimeliness.  *See id.*, Attachment 43.  Defendants do not

---

[5]"'[R]esort to a prison grievance process must precede resort to a court." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir.2003), *abrogated on other grds. by Jones v. Bock*, 549 U.S. 199 (2007)(*quoting Porter v. Nussle*, 534 U.S. 516, 529 (2002)).  *See also Peoples v. Gilman*, 109 Fed. Appx. 381, 383 (10th Cir. Sept. 23, 2004) (unpublished op.) ("The filing of a grievance after the initiation of the lawsuit defeats the purpose of [§ 1997e(a)].").

[6]Even if Plaintiff had submitted the additional grievances, all of the grievances are untimely under the ODOC's Grievance Process.  Indeed, as discussed *infra*, the one grievance received by prison officials was rejected – among other reasons – on grounds of untimeliness.

acknowledge receipt of any of the additional grievances Plaintiff attached to the amended complaint.  Defendants submit evidence, however, that Plaintiff did not file any grievance appeals during her incarceration and custody with the ODOC.  *See* Defendants' Motion, Exhibit 2, Affidavit of Debbie L. Morton.  Plaintiff has not refuted this evidence or otherwise demonstrated that she took additional steps to complete exhaustion of administrative remedies through the ODOC's Grievance Process.

Construing the evidence in the light most favorable to Plaintiff as the non-moving party, the record before the Court demonstrates Plaintiff has failed to satisfy § 1997e(a)'s exhaustion requirement.  Tenth Circuit precedent clearly holds that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  *See also Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." ).[7]

In responding to Defendants' Motion, Plaintiff does not challenge the Defendants' affirmative defense with evidence demonstrating proper exhaustion of administrative

---

[7]In contending the exhaustion requirement does not apply to her, Plaintiff references a mandamus action brought in the District Court of Oklahoma County, State of Oklahoma.  She attaches to her Response the Order Denying Writ of Mandamus, Case No. CV-10-794, District Court of Oklahoma County, State of Oklahoma.  *See* Response, Attachment 2 at electronic pages 54-55.  The Order reflects Plaintiff brought similar claims in the state mandamus action as those raised in this action. The Order further reflects – as to state law exhaustion requirements – Plaintiff failed to exhaust administrative remedies as to any claims raised prior to filing the mandamus petition.  *See id*.

remedies.  Instead, she contends that the exhaustion defense does not apply because at the time she filed the Amended Complaint, she had discharged her Oklahoma sentence and had been transferred to the custody of the Arkansas Department of Corrections.  *See* Plaintiff's Response at electronic page 41.  Plaintiff is wrong in contending the discharge of her Oklahoma sentence excused her from the exhaustion requirement.

The PLRA applies to a prisoner "confined in any jail, prison, or other correctional facility."  42 U.S.C. § 1997e(a).  Plaintiff's claims relate solely to her confinement in the custody of the Oklahoma Department of Corrections while incarcerated at Mabel Bassett.  At the time she filed the original complaint Plaintiff remained an Oklahoma prisoner in the custody of the Oklahoma Department of Corrections.  The PLRA, therefore, clearly applied to her.  *See, e.g., Norton v. City of Marietta, Oklahoma*, 432 F.3d 1145, 1149 (10th Cir. 2005) ("[I]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies") (collecting circuit cases).

Following the discharge of her Oklahoma sentence, Plaintiff remained a "prisoner" and, therefore, was subject to the PLRA's requirements.  The statutory language is clear and precludes Plaintiff's claim that the discharge of the Oklahoma sentence rendered the PLRA inapplicable.  *Compare  Napier v. Laurel County Kentucky*, 636 F.3d 218, 221 n. 1 (6th Cir. 2011) (PLRA applied to prisoner re-incarcerated on different charges "as the only question is: 'Is the plaintiff a prisoner confined in a jail, prison or other correctional facility?'").

As the Tenth Circuit recently addressed, "[t]he plain language of the PLRA requires that prisoners exhaust only *available* remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th

9

Cir. 2011) (emphasis in original, *citing* 42 U.S.C. § 1997e(a)).  An administrative remedy is available if it is "capable of use for the accomplishment of a purpose."  *Id.* (citations and internal quotations omitted).  Plaintiff does not contend that her transfer to the Arkansas State Penitentiary rendered administrative remedies through the ODOC's Grievance Process unavailable to her.  Nor does she allege facts demonstrating any efforts to pursue the ODOC's Grievance Process were hindered by her transfer to Arkansas.  Moreover, the ODOC's Grievance Process contemplates grievance filings by Oklahoma offenders confined out-of-state.  *See* Grievance Process, ¶ V(B)(4) ("If the grievance is filed by an Oklahoma offender held in another state or jurisdiction, the offender will submit the grievance to the facility head at LARC who will serve as the reviewing authority.").

In addition, Plaintiff's claims cover the time period 2006 through 2010 and those claims clearly arose before her transfer to Arkansas.  Yet, the record shows Plaintiff did not even fill out a grievance form until late July 2010, after she filed the original complaint and just days before the discharge of her Oklahoma sentence on August 4, 2010.  Thus, Plaintiff's inaction, not the lack of access to the Grievance Process, is the reason for her failure to exhaust administrative remedies.  *See, e.g., Hill v. Epps*, 169 Fed. Appx. 199, 200-201 (5th Cir.  Feb. 23, 2006) (unpublished op.) (transfer from one prison to another does not excuse failure to exhaust where the plaintiff "was aware of the basis for his grievance during [his incarceration in the offending facility] but did not utilize the administrative remedies available at [that facility] to seek redress").

10

In sum, Plaintiff has failed to satisfy § 1997e(a)'s exhaustion requirement even though she had an available administrative remedy. Defendants' Motion for Summary Judgment should be granted. Based on this recommendation, the Court declines to address the alternative bases upon which the Defendants seek dismissal and/or summary judgment.

## C.   State Law Claims

Plaintiff also appears to allege claims for relief premised on state law. Pursuant to 28 U.S.C. § 1367(c)(3), the court has discretion to decline to exercise supplemental jurisdiction over a state law claim if the court has "dismissed all claims over which it has original jurisdiction." *See also Smith v. City of Enid ex rel. Enid City Com'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). As set forth above, it is recommended that Plaintiff's federal claims be dismissed. Therefore, if the Court adopts the recommendation to dismiss all of Plaintiff's federal claims, it is recommended that Plaintiff's state law claims be dismissed without prejudice.[8]

## III.   Plaintiff's Pending Motion for Summary Judgment

Subsequent to the filing of Defendants' Motion to Dismiss/Motion for Summary Judgment, Plaintiff has filed her own Motion for Summary Judgment. In doing so, Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 56. Moreover, Plaintiff has

---

[8]The Court is recommending, in a separately filed Report and Recommendation, that Plaintiff's federal claims against all remaining defendants be dismissed for failure to state a claim upon which relief may be granted. Therefore, if the Reports and Recommendations are adopted, no federal claims will remain and dismissal without prejudice of the state law claims is proper.

simply restated the grounds for relief set forth in the Amended Complaint without attaching evidentiary support.  To the extent Plaintiff references in her motion for summary judgment exhibits submitted with her response to Defendants' motion, the Court has already considered those exhibits in addressing Defendants' motion.

Plaintiff has not demonstrated she is entitled to summary judgment.  As discussed herein, Plaintiff has failed to satisfy § 1997e(a)'s exhaustion requirement.  Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. #86], construed as a motion for summary judgment, be granted on grounds Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  It is further recommended that Plaintiff's Motion for Summary Judgment [Doc. #118] be denied.  Finally, it is recommended that this Court exercise its discretion under 28 U.S.C. § 1367(c)(3) and dismiss any remaining claims that are based on state law without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of this Court by March __29th__, 2012.  *See* Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation, in conjunction with a separately filed Report and

Recommendation to be entered in this case, will dispose of all issues referred in this matter.

ENTERED this __8th__ day of March, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE