## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IVETTE FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-10-760-M |
| | ) | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION
### ON DISMISSAL OF DEFENDANTS
### JACKSON, IPAYE, AMUS, McMASTER,
### HURLEY, NUNN, COTNER AND JANE DOE
### PURSUANT TO 28 U.S.C. §§ 1915 and 1915A

Plaintiff, Ivette Figueroa, a state prisoner appearing *pro se* and *in forma pauperis*, has

filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also purports to bring

various supplemental state law claims.[1]  The matter has been referred for initial proceedings

consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Amended Complaint [Doc. #33] has been conducted pursuant

to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings)

as to the claims brought against Defendants Jackson, Ipaye, Amus, McMaster, Hurley, Nunn,

Cotner and Jane Doe, Medical Accounts Payable.[2]  It is recommended that Plaintiff's claims

---

[1]Any state law claims alleged are wholly conclusory.  Regardless, in a separately filed Report and Recommendation [Doc. #124], the Court has recommended that the exercise of supplemental jurisdiction over the state law claims be declined, *see* 28 U.S.C. § 1367(c)(3), and that any such claims be dismissed without prejudice.

[2]Plaintiff has not effected proper service against these Defendants pursuant to Fed. R. Civ.
(continued...)

against these Defendants be dismissed on grounds that Plaintiff has failed to state claims upon which § 1983 relief may be granted.[3]

## I.   Background Facts/Plaintiff's Claims

Plaintiff is currently in the custody of the Arkansas Department of Corrections and confined at the Wrightsville Women's Facility in Wrightsville, Arkansas. Plaintiff's claims, however, arise out of her custody by the Oklahoma Department of Corrections (ODOC) during her incarceration at the Mabel Bassett Correctional Center (Mabel Bassett). Plaintiff's Amended Complaint alleges violations of her rights during the time period 2006 through 2010.

Plaintiff filed her original complaint on July 16, 2010, while still incarcerated at Mabel Bassett. *See* Complaint [Doc. #1]. Plaintiff discharged her Oklahoma sentence and was released from the custody of the ODOC on August 4, 2010. *See* Plaintiff's Response, Attachment 2 at electronic page 39 (ODOC Certificate of Release dated August 4, 2010).

Plaintiff filed an Amended Complaint [Doc. #33] on March 30, 2011, after her transfer to the custody of the Arkansas Department of Corrections. Plaintiff named additional defendants and alleged more expansive though imprecise claims for relief pursuant

---

[2](...continued)
P. 4(m).

[3]Summary judgment in favor of the remaining defendants named in the Amended Complaint has been recommended in the separately filed Report and Recommendation.

to 42 U.S.C. § 1983.[4]  Plaintiff claims that while in the custody of the ODOC and incarcerated at Mabel Bassett she was subjected to sexual assault, discrimination, delay and denial of medical care, violation of her religious rights, opening of her mail, retaliatory conduct, wrongful taking of funds from her prison trust account and other unconstitutional conditions of her confinement.  As relief, Plaintiff seeks compensatory and punitive damages.

## II.    Governing Standards

### A.    Standard for Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), dismissal of a complaint is proper for failure to state a claim upon which relief may be granted.  As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Plaintiff is proceeding *pro se*, her complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

---

[4]In the Amended Complaint, Plaintiff identifies other federal laws as bases for relief including the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Americans with Disabilities Act (ADA). *See* Amended Complaint at 3, ¶ 6.  To the extent Plaintiff brings claims pursuant to these laws, her allegations are too conclusory to state a plausible claim for relief and should be dismissed.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).  Instead, as the United States

Supreme Court has explained:

> To survive [dismissal], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (citation and internal quotations omitted).  Applying this standard, Plaintiff has

failed to state plausible claims for relief against Defendants.

### B.    Standard Governing Eighth Amendment Claims

The elements necessary to establish a § 1983 violation "will vary with the

constitutional provision at issue." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir.

2010) (citation omitted). "This variation is required because § 1983 'is not itself a source of

substantive rights, but a method for vindicating federal rights elsewhere conferred by those

parts of the United States Constitution and federal statutes that it describes.'" *Id.* at 1209 n.

2 (Tymkovich, J., concurring) (*quoting Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979)).

Plaintiff's claims against the Defendants, challenging the conditions of her

incarceration while at Mabel Bassett, arise under the Eighth Amendment.  Violations of the

Eighth Amendment require proof of deliberate indifference. *See, e.g., Estelle v. Gamble*, 429

U.S. 97, 104 (1976). The test for deliberate indifference is both objective and subjective.

4

*Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component of the test is met if the "harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause" of the Eighth Amendment. *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (internal quotation marks omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

## III.   Analysis

### A.   Claims Against Defendants Jackson and Cotner

Plaintiff alleges that in November 2007, she wrote a letter to Defendant Jackson regarding "abuses committed against chronically ill inmates by state employees." *See* Amended Complaint, ¶ 25; *see also id.*, Exhibit FF.  Defendant Jackson responded to this letter advising Plaintiff that  she must utilize the prison's administrative grievance process to address claims or concerns regarding medical treatment. *See id.*  Plaintiff alleges she was "diverted" to Defendant Cotner who did not even investigate the issues raised in her letter.

5

*See* Amended Complaint, ¶ 30. Plaintiff attaches to the Amended Complaint a letter from Defendant Cotner dated  December 3, 2007. *See id.*, Exhibit T.  In that letter, Defendant Cotner acknowledges receipt of Plaintiff's letter addressed to Defendant Jackson, advised Plaintiff that he had forwarded the letter to the propre authority at Plaintiff's facility and further advised Plaintiff that if she needed assistance with any health concerns, she must submit a Request for Medical Services through the ODOC's administrative process. *See id.*

Plaintiff's allegations fail to state a plausible claim for § 1983 relief against Defendants Jackson and Cotner.   First, Plaintiff's allegations involve her general observations or complaints about "chronically ill inmates" but contain no specific facts about Plaintiff's own experiences or how the conditions of confinement caused her injury.  Such conclusory allegations are insufficient to state a plausible claim for § 1983 relief.  *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993) (dismissing prisoner's conditions of confinement claim where prisoner made only "general observations or complaints on behalf of other prisoners" but "stated no specific facts concerning the allegedly unconstitutional conditions with his own experience at [the jail], or indicating how the conditions caused him injury").  In addition, Plaintiff lacks standing to bring claims on behalf of other inmates. *See id.*

Moreover, Plaintiff's allegations fail to demonstrate either the objective or subjective component of an Eighth Amendment claim.  Plaintiff does not identify conduct by these Defendants that exposed her to a substantial risk of serious harm or that Defendants acted

6

with a sufficiently culpable state of mind.  To the contrary, both Defendants assisted Plaintiff

as to the proper method for requesting medical services at the prison.  Finally, Plaintiff's

allegations demonstrate her claims against Defendants Jackson and Cotner are time-barred

as they arose in 2007, more than two years prior to the filing of the complaint in this action.

*See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (the applicable limitations period

for claims under § 1983 is Oklahoma's two-year statute of limitations for "injury to the rights

of another, not arising on contract, and not hereinafter enumerated.") (*quoting* Okla. Stat. tit.

12, § 95(3)).[5]  Accordingly, Plaintiff's claims against Defendants Jackson and Cotner should

be dismissed.

    **B.**    <u>**Claims Against Defendants Ipaye and Amus**</u>

       Plaintiff alleges Defendants Ipaye and Amus violated her constitutional rights by

"many times" not providing her a soft diet as medically prescribed.  *See* Amended Complaint,

¶¶21-22.  She further alleges that as a result, she went without nutritious food for months.

*Id.*, ¶ 21.

---

      [5]*Sua sponte* dismissal of a prisoner's § 1983 action on the basis of the statute of limitations is proper where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue."  *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009).  As the Tenth Circuit has observed in an unpublished opinion: "[t]his holding is a specific application of the general rule that sua sponte dismissal of a pro se complaint 'is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"  *McKinzy v. Murguia*, 370 Fed. Appx. 960, 961 (10th Cir. April 1, 2010) (unpublished op.) (*quoting Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999)).

"A prison must provide adequate food and medical care to inmates, and the food must be nutritionally adequate." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (citations and internal quotation marks omitted). "A *substantial* deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *See id.* (emphasis added, citation omitted).

"[T]he need for a special diet that is medically necessary could be the objective basis for a[n Eighth Amendment] claim," *see Thompson*, 289 F.3d at 1222, but Plaintiff's allegations fail to demonstrate a plausible basis for the violation of her Eighth Amendment rights.   While Plaintiff may not have received a "soft diet," she does not allege facts demonstrating her inability to consume the food that was provided to her or that she lost weight or suffered other complications as a result of not receiving a soft diet.  Nor does she allege facts indicating Defendants Ipaye and Amus acted with a sufficiently culpable state of mind.  While she alleges that another inmate who was "reading Ms. Amus' lips" stated that Defendant Amus said that she "did not care at all" what Plaintiff ate, that allegation does not rise to the level of deliberate indifference.  Accordingly, Plaintiff has failed to state a plausible claim for § 1983 relief against Defendants Ipaye and Amus.

## C.   Claims Against Defendant McMaster

Plaintiff alleges Defendant McMaster ordered an x-ray of her knee in February 2008. She makes no further allegations against Defendant McMaster but simply states that "months passed without any diagnosis, treatment, pain medication or aid in walking." *See* Amended

Complaint, ¶ 12.  Plaintiff fails to state a plausible claim for § 1983 relief against Defendant McMaster.  She does not allege Defendant McMaster refused or denied medical care to her or otherwise acted with a sufficiently culpable state of mind.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation in the alleged violation of a constitutional right is an essential element of a § 1983 claim).  Plaintiff's claims against Defendant McMaster appear time-barred as well.  While she complains of conduct by Defendant McMaster in February 2008, she did not file the instant action until July 2010, more than two years after the complained of conduct.  Accordingly, Plaintiff's claims against Defendant McMaster should be dismissed.

### D.   Claims Against Defendant Hurley

Plaintiff states that while detained in an isolation cell, she attempted "for hours" to get Defendant Hurley to provide her with toilet paper, but Hurley refused her requests and did so maliciously.  She further states that Defendant Hurley "would never provide the Plaintiff with feminine pads, toothpaste, clean linens and more."  *See* Amended Complaint, ¶ 32. Plaintiff then alleges that she "had to try to obtain her needs with the other shifts."

Plaintiff's allegations fail to satisfy the objective component of an Eighth Amendment claim.  "[O]nly the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment under the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, (1986) (citation and internal quotation marks omitted).  "The Eighth Amendment does not mandate comfortable prisons, and conditions imposed may be restrictive and even harsh."

9

*Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (quotations omitted).  While Defendant Hurley may have refused to supply hygiene items to Plaintiff during her shift, Plaintiff's allegations indicate those items were otherwise available to her.  The fact that she may have gone for "hours" without such items is insufficient to rise to the level of cruel and unusual punishment as proscribed by the Eighth Amendment. *Compare Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (allegations that prisoner was placed in his bare feet in a cell without a toilet for five hours was insufficient to demonstrate sufficiently serious deprivations); *Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (finding no Eighth Amendment violation when prison officials failed to provide a prisoner with toilet paper for five days, and soap, a toothbrush, and toothpaste for ten days).  Therefore, Plaintiff's claims against Defendant Hurley should be dismissed.

E.    **Claims Against Defendant Nunn**[6]

Plaintiff alleges the following against Defendant Nunn:

That while at the Mabel Bassett Correctional Center medical area, nurse Ms. Nunn looked at the Plaintiff's medical records on an occasion when she was experiencing chest pains and stated in front of other staff and inmates: "The reason why you did not take care of your chest pains on the outside was because you were busy shooting people on the outside."

---

[6]As discussed *infra*, pending before the Court is Plaintiff's Motion for Discovery [Doc. #110].  In her Motion, Plaintiff states that Defendant Nunn is properly identified, instead, as Ms. Nelms.  Plaintiff has not sought leave to amend the complaint or otherwise requested substitution of parties.  The Court, therefore, identifies this Defendant as Ms. Nunn, consistent with the identification of this party in the Amended Complaint.

*See* Amended Complaint, ¶ 19.  Plaintiff's allegations against Defendant Nunn fail to satisfy

either the objective or subjective component of a claim of deliberate indifference to serious

medical needs.  She references a single occasion and does not allege facts demonstrating that

she was denied medical care.  Instead, she challenges derogatory remarks by Defendant

Nunn.  The remarks cited by Plaintiff, assumed as true for the purpose of screening the

Amended Complaint, are unprofessional but they are not sufficient to state a constitutional

violation under § 1983.  *See McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts

and threats are not an Eighth Amendment violation); *Northington v. Jackson*, 973 F.2d 1518,

1524 (10th Cir.1992) (recognizing that "verbal threats and harassment" are generally

"excluded from the cruel and unusual punishment inquiry"). *Collins v. Cundy*, 603 F.2d 825,

827 (10th Cir.1979) (mere verbal harassment or abuse is insufficient to state a constitutional

claim).  Plaintiff's claims against Defendant Nunn, therefore, should be dismissed.

### F.    Claims Against Defendant Jane Doe – Medical Accounts Payable

Finally, Plaintiff purports to bring claims against Defendant, Jane Doe, whom she

identifies only as "medical accounts payable."  However, the Amended Complaint is void

of any allegations against this defendant.  Accordingly, it is recommended that Defendant

Jane Doe, Medical Accounts Payable, be dismissed.

## IV.    Plaintiff's Pending Motion for Discovery

Plaintiff has filed a Motion for Discovery [Doc. #110].  Plaintiff requests that

Defendants be required to identify the name and address of the Medical Accounts Payable

11

Officer employed at Mabel Bassett from February 2008 through February 2009. As noted above, in the Amended Complaint Plaintiff identifies this Defendant as "Jane Doe." Further, Plaintiff requests that "the Court state for the record that the defendant's identity as Nurse Nunn in this complaint is actually Ms. Nelms who was employed from August 2006 through 2008 at the Mabel Bassett Correctional Center." Plaintiff requests that the ODOC be ordered to provide the United States Marshal's office with the correct address for Ms. Nelms so that Plaintiff may complete service of process.

Plaintiff's Motion for Discovery should be denied. As set forth above, Plaintiff has failed to state plausible claims for relief against the Jane Doe defendant or Defendant Nunn, whom Plaintiff now identifies as Ms. Nelms. Moreover, Plaintiff's own admissions in the Motion for Discovery regarding the dates of employment at Mabel Bassett for these employees demonstrates that any claims against them are time-barred as outside the two-year limitations period.

## RECOMMENDATION

It is recommended that the claims set forth in the Amended Complaint brought against Defendants Jackson, Ipaye, Amus, McMaster, Hurley, Nunn, Cotner and Jane Doe, Medical Accounts Payable, be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A on grounds that Plaintiff has failed to state claims upon which § 1983 relief may be granted. It is further recommended that Plaintiff's Motion for Discovery [Doc. #110] be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of her right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by April 3, 2012. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 13th day of March, 2012.


VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE